United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE PATRICE BARNES MARKS,<br><br>    Plaintiff,<br><br>   v.<br><br>GREEN TREE SERVICING, DEFAULT RESOLUTION NETWORK, et al.<br><br>    Defendant.<br>_____ / | No. C 10-03593 SI<br><br>**ORDER RE: DEFENDANT GREEN TREE SERVICING, LLC'S MOTION TO DISMISS; DEFENDANT DEFAULT RESOLUTION NETWORKS'S MOTION TO DISMISS; AND PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

Defendants Green Tree Servicing, LLC ("Green Tree") and Default Resolution Network ("DRN") have each moved to dismiss plaintiff's amended complaint for failure to state a claim. Hearing on these motions is currently scheduled for November 2, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Also pending before the Court is plaintiff's ex parte motion for leave to file a second amended complaint. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

The following factual allegations are drawn from plaintiff Leslie Patrice Barnes Marks's First Amended Complaint ("FAC"). Plaintiff bought a home in Oakland, California twelve years ago for $149,000. FAC ¶¶ II:1, III:6, III:33. A variety of institutions have claimed an interest in plaintiff's mortgage or mortgages over the years, including nonparty Ocwen, nonparty New Century, nonparty Home 123, and most recently defendant Green Tree. *Id.* ¶¶ I:1, III:11. Defendant Green Tree obtained

a note when it was in default. *Id.* ¶ III:8. Plaintiff's credit report currently reflects mortgages in excess of $1,000,000.00, although she has been told that she owes as much as $2,000,000.00. *Id.* ¶¶ III:6, III:33. Green Tree has filed negative credit reports regarding plaintiff's mortgage. *Id.* ¶ III:31. Three companies currently claim the same debt with different loan numbers. *Id.* ¶ III:33. Defendant DRN currently is overseeing a trustee sale of plaintiff's property. *Id.* ¶ III:9.

Plaintiff filed her initial complaint against defendants on August 16, 2010, and an amended complaint on August 19. The FAC makes claims for real estate fraud, wrongful foreclosure, violation of California Business and Professional Code §§ 17200 et seq., violation of the Fair Credit Reporting Act ("FCRA"), defamation, and violation of the Real Estate Settlement Procedures Act ("RESPA"). It also brings an action to quiet title.

On October 1, 2010, the Court denied plaintiff's application for a temporary restraining order, an order to show cause, and a preliminary injunction. Doc. 65. On October 5, the Court denied plaintiff's motion for reconsideration. Doc. 77.

**LEGAL STANDARD**

**I.  Motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions

2

of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Leave to amend

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## DISCUSSION

## I.     Motions to dismiss

### A.     First Cause of Action

In her First Cause of Action, plaintiff attempts to state claims for real estate fraud and wrongful foreclosure.

Plaintiff's main legal theory is that parties that "willfully and knowingly purchased a mortgage in default . . . cannot be secured creditors under the law," and therefore cannot initiate foreclosure proceedings. FAC ¶ III:15. Therefore, plaintiff argues, all of defendants' representations that defendant Green Tree had the power to foreclose are fraudulent, and any attempt to foreclose is wrongful.

In support of this theory, plaintiff cites *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480

3

(M.D. Ala. 1987). In *Kimber*, the district court endeavored to determine whether the defendant could be held liable for violating the Fair Debt Collection Practices Act ("FDCPA"), which regulates the manner in which debt collectors are permitted to collect debts. *Id.* at 1482. The defendant argued that it was the type of creditor exempt from the Act's requirements, but the district court disagreed. *Id.*; *see also* 15 U.S.C. § 1692a(6)(F).

Plaintiff attempts to extend this statute-specific, fact-based analysis beyond the FDCPA, and beyond the actual discussion or conclusions in *Kimber*. She argues that anyone who purchases a mortgage in default is a "debt collector," and therefore precluded from foreclosing on real property. The Court knows of no such prohibition in the FDCPA, in another statute, or in the case law. Therefore, to the extent that plaintiff's theories of fraud and wrongful foreclosure are premised on the idea that defendant Green Tree does not have the power to foreclose, plaintiff has failed to state a claim against either defendant.

Plaintiff also sets forth a secondary legal theory, that a "promissory note and deed of trust must reflect the same entity as beneficiary." FAC ¶ III:18. Whether or not that is true as a matter of law, plaintiff's allegation that "documents recorded in the Alameda County Recorder's office" do not meet this requirement, *id.*, is not sufficient to state a claim against either defendant. Plaintiff does not allege that the *defendants* have actually done anything wrong, only that certain paperwork unrelated to the defendants is not in order.

Even if plaintiff's allegations are true, they do not state a claim upon which relief can be granted. Plaintiff's First Cause of Action is DISMISSED.

### B.     Second Cause of Action

In her Second Cause of Action, plaintiff attempts to state claims for violation of California's Business and Professional Code § 17200 et seq.

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 et seq; *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539 (Cal. 1999). Pursuant to California law:

4

> Section 17200 defines unfair competition as any unlawful, unfair or fraudulent business act or practice. The "unlawful" practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. It is not necessary that the predicate law provide for private civil enforcement. As [the California] Supreme Court put it, section 17200 borrows violations of other laws and treats them as unlawful practices independently actionable under section 17200 et seq. "Unfair" simply means any practice whose harm to the victim outweighs its benefits. "Fraudulent," as used in the statute, does not refer to the common law tort of fraud but only requires a showing members of the public are likely to be deceived.

*Saunders v. Sup. Ct.*, 27 Cal. App. 4th 832, 838–39 (1994) (internal citations, quotation marks, and ellipsis omitted). The UCL thus creates three separate causes of action, whereby a plaintiff can claim unfair competition based on the violation of another law, a public policy argument, or a likelihood that consumers will be deceived by the business practice at issue. *Distor v. US Bank, NA*, Case No. 09-02086 SI, 2009 WL 3429700, * 7 (N.D. Cal. Oct. 22, 2009).

Defendants argue first that plaintiff has no standing to bring a UCL claim because she fails to allege that she lost money or property as a result of defendants' unfair conduct. Defendants next argue that plaintiff has failed to state a UCL claim because she has failed to state a claim elsewhere in the complaint for violation of another law. The Court reads plaintiff's complaint to allege that she lost money, and to allege violation of another law with regard to defendant Green Tree — but not to allege that she lost money *as a result of* defendant's conduct.

Construing plaintiff's complaint broadly, it states that plaintiff's credit is damaged, FAC ¶¶ III:30, III:33; and damage to credit is a "loss of money or property." *See Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010). Further, in the Fourth Cause of Action of the FAC, plaintiff alleges that defendant Green Tree failed to give proper notice upon acquisition of plaintiff's mortgage, in violation of RESPA.[1] However, there is absolutely no connection between the alleged violation of RESPA's notice requirements and the alleged damage to plaintiff's credit report. Therefore, plaintiff has failed to state a UCL claim upon which relief can be granted and her Second Cause of Action is DISMISSED.

---

[1] In her proposed Second Amended Complaint, discussed below, plaintiff does not reallege the RESPA claim made in the FAC, and therefore has abandoned it. It is discussed here, however, in order to evaluate the viability of her UCL claim.

5

### C. Third Cause of Action

In her Third Cause of Action, plaintiff attempts to state claims for defamation and violation of the FCRA.

#### 1. FCRA claim

The FCRA prohibits "[a] person" from furnishing information "relating to a consumer" to a Credit Reporting Agency "if the person knows or consciously avoids knowing that the information is inaccurate." 15 U.S.C. § 1681s-2(a). But the FCRA does not provide for a right of action against a furnisher of false information. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Rather, after receiving notice that information is disputed, the furnisher has certain duties:

> to conduct an "investigation with respect to the disputed information;" to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation finds the information is incomplete or inaccurate to report those results "to all [nationwide] consumer reporting agencies to which the person furnished the information."

*Id.* (quoting 15 U.S.C. § 1681s-2(b)). A consumer then has a private right of action in connection with the performance of these four duties. *Id.*

Plaintiff alleges that defendants knowingly furnished false information to credit agencies, FAC ¶ III:29, and that they "participated" in "unfair credit reporting," *id.* ¶ III:33. These allegations are fatally short on specific facts. Perhaps more importantly, however, they allege a violation of Section 1681s-2(a), which does not provide for a private right of action. Therefore, plaintiff has failed to state a claim upon which relief can be granted, and her FCRA claim is DISMISSED.

#### 2. Defamation claim

The FCRA expressly preempts any state law defamation claim based on credit reporting activities unless a plaintiff alleges that a defendant acted with "malice or willful intent to injure." *See* 15 U.S.C. § 1681h(e); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1165–69 (9th Cir. 2009); *Quach v. Citimortgage Inc.*, No. C09-05607 HRL, 2010 WL 3211937, * 6–* 7 (N.D. Cal. Aug. 12, 2010). Plaintiff has not alleged malice or willful intent to injure, and her defamation claim is DISMISSED.

6

### D.     Fourth Cause of Action

In the Fourth Cause of Action of the FAC, plaintiff alleges that defendants failed to notify her of her rights when they acquired her mortgage, as required by RESPA, 12 U.S.C. § 2605(c). FAC ¶ 38. However, plaintiff does not reallege the RESPA claim in her proposed Second Amended Complaint and must therefore have abandoned it.[2] In any event, as discussed earlier, this RESPA claim could not form the predicate to plaintiff's UCL claim since the failure to notify is unrelated to any impairment to plaintiff's credit rating.

### E.     Claim Five

In her Fifth Cause of Action, plaintiff brings an action to quiet title. An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein. Cal. Civ. Proc. Code § 760.020. A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title. *Id.* § 761.020.

In order to satisfy the second requirement, plaintiff must allege that she has discharged her debt, regardless to whom it is owed. See *Kelley v. Mort. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title."); *see also Distor*, 2009 WL 3429700, at *6 ("[P]laintiff has no basis to quiet title without first discharging her debt, and . . . she has not alleged that she has done so and is therefore the rightful owner of the property."). Plaintiff has not alleged that she discharged her debt.

Plaintiff has not stated a claim for quiet title. Plaintiff's Fifth Cause of Action is DISMISSED.

---

[2] In its motion to dismiss plaintiff's FAC, defendant Green Tree argued that it did, in fact, notify plaintiff, and sought judicial notice of documents that, it contends, refute plaintiff's claim of failure to notify. Those documents might, on summary judgment, indeed be dispositive against plaintiff. However, in plaintiff's proposed SAC, filed well after Green Tree's motion to dismiss, plaintiff abandoned her RESPA notification claim, perhaps in light of the proffered documentation. The Court therefore need not determine the validity of Green Tree's request for judicial notice at this pleading stage.

7

**II.   Leave to amend**

The Court must consider whether to grant plaintiff leave to amend her complaint, by permitting her to file her proposed second amended complaint ("proposed SAC") or otherwise.

### A.   Proposed second amended complaint

Plaintiff's proposed SAC makes claims for violation of the FDCPA, California's Business and Professional Code, and the FCRA. She also brings actions for slander of title and to quiet title. The proposed SAC often relies on the same erroneous legal theory as the FAC, that a purchaser who acquires a mortgage in default cannot foreclose. To the extent that the proposed SAC realleges claims that were in the FAC, it will fail to state a claim upon which relief can be granted, and the Court will not grant leave to amend.

The proposed SAC also raises new claims based on an argument that her mortgage is paid in full, proposed SAC ¶ 8, that defendants have recorded a fraudulent document, *id.* ¶ 10, and that defendants have backdated an assignment thus voiding a notice of default, *id.* ¶ 19. The slander of title claim is new as well. And Plaintiff attempts to add two new defendants to the case: Fidelity National Title Company and Lawyers Title Company.

#### 1. Payment of the mortgage

In her proposed SAC, plaintiff states that she "has a sworn statement that she owes no sums to any Defendant." *Id.* ¶ 10. It appears that she is referring to Exhibit C or D, which she referred to in a declaration filed along with the proposed SAC. *See* Doc. 71. (Exhibits C and D were filed in September, 2010 at Doc. 21.) Exhibits C and D would be incorporated by reference into her proposed SAC, and the Court would be able to consider them on a motion to dismiss. The Court thus finds the documents relevant to determining whether or not to grant plaintiff leave to amend.

Exhibits C and D are a letter and an affidavit explaining that a former holder of a mortgage transferred that mortgage in 2007, and therefore that plaintiff does not owe the *former holder* any money. It does not make any statement with regard to whether she money to anyone else, including defendants in this case.

8

If plaintiff had paid any mortgage or mortgages in full, then she would be able to state a variety of claims, at least against defendant Green Tree. However, she has not pled any facts that would show that she paid her mortgage or mortgages, or that she does not owe any money to Green Tree.

### 2. Allegedly fraudulent documents

In her proposed SAC, plaintiff refers to allegedly fraudulent documents, explaining that she has filed them with the proposed SAC as Exhibits I and J. *See* proposed SAC ¶ 10; Doc. 72. Therefore, they are incorporated by reference into her complaint, and may be considered on a motion to dismiss. The Court thus finds the documents relevant to determining whether or not to grant plaintiff leave to amend.

The two documents are an assignment of deed of trust, and a substitution of trustee. Josh Degneau signed both documents. Plaintiff argues that Mr. Degneau "purported to signed for both New Century and Green Tree," which makes the "documents . . . fraudulent on their face." Proposed SAC ¶ 10.

The Court does not read the documents this way. Rather, it appears to the Court that Mr. Degneau signed both documents on behalf of Home 123 — one substituting Fidelity National Title Company as trustee, and one granting Green Tree beneficial interest in the Deed of Trust. Plaintiff will not be able to state a claim with regard to these documents.

### 3. Allegedly backdated document

Plaintiff alleges that the assignment of the deed of trust in this case was backdated. *Id.* ¶ 19. She then argues that a backdated assignment of trust voids a notice of default. *Id.* In the alternative, she notes that even the allegedly backdated date on the assignment of the deed of trust (June 23, 2010) postdates the date of the notice of default (May 21, 2010), and argues that an assignment of a deed of trust must happen before a notice of default is recorded. Doc. 72 (Decl. ¶ 3).

It is true that a notice of default must be recorded by the "trustee, mortgagee, or beneficiary, or any of their authorized agents." Cal. Civ. Code ¶ 2924(a)(1). Thus, if a deed of trust has not yet been assigned to a party filing a Notice of Default (or that party's principal) when the Notice is filed, then

9

the filer does not have the authority to file the Notice. *Quintero Family Tr. v. OneWest Bank*, F.S.B., Case No. 09-CV-1561-IEG (WVG), 2010 WL 2618729, * 8 (S.D. Cal. June 25, 2010 ). But a deed of trust can be assigned without being recorded. *Id.* Allegations about the timing of the *recording* of the assignment are insufficient to challenge the validity of the Notice of Default. Backdating a recorded filing or recording an assignment after the Notice of Default does not void the notice of default. The Court does not believe that plaintiff will be able to state a claim with regard to these documents.

### 4. Slander of Title

Slander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss. *Stalberg v. W. Title Ins. Co.*, 27 Cal. App. 4th 925, 929 (1994). Plaintiff argues that "no Defendant had lawful justification to record the Notice of Default, prior to recording the unlawful back dated Assignment of Trustee." Proposed SAC ¶ 21. Assuming that the unlawful recording of a Notice of Default could serve as the basis for a slander of title action, this claim would still fail. As discussed above, an assignment of trust does not need to be recorded before a Notice of Default.

### 5. New defendants

Plaintiff alleges that Fidelity National Title Company and Lawyers Title Company are liable for enabling Green Tree's fraudulent activities. *Id.* ¶ 3. The Court does not believe that plaintiff is able to allege a claim against Green Tree. Therefore, she will not be able to state a claim against these proposed new defendants.

The Court does not believe that plaintiff will be able to state a claim upon which relief can be granted by filing her proposed second amended complaint. The Court DENIES plaintiff's motion for leave to file the SAC and denies leave to add the proposed new defendants to the case.

### B. Other amendments

Plaintiff did not merely fail to state sufficiently concrete facts in her FAC and proposed SAC.

10

Rather, she failed to articulate a legal theory that would support recovery. The Court does not believe that plaintiff will be able to amend her complaint to state a claim upon which relief can be granted. Therefore, plaintiff's FAC is DISMISSED WITH PREJUDICE.

## CONCLUSION

Defendant Green Tree's motion to dismiss is GRANTED. (Doc. 34.) Defendant DRN's motion to dismiss is GRANTED. (Doc. 39.) Plaintiff's motion for leave to file a second amended complaint is DENIED. (Doc. 70.)

**IT IS SO ORDERED.**

Dated: October 27, 2010

SUSAN ILLSTON
United States District Judge